ANGEL ARROYO-RIVERA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, Respondent.

No. 638. Submitted May 4, 1926.—Decided June 4, 1926.

*Angel Arroyo* for the appellant. The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant by cession is the owner of a mortgage credit. And in the deed constituting the mortgage the debtor

had agreed that any house built on the property should be subject to the mortgage. A summary mortgage proceeding, with all due notices thereof in the registry, resulted in an execution sale to the present owner of the mortgage who is the appellant in this case. The execution sale and deed from the marshal included a wooden house with a zinc roof and a front balcony.

When the deed in execution was presented to the registrar he recorded the sale of the lot but refused to record the house. His note follows:

"Record of the foregoing instrument is made as to the lot; but denied as regards the house because it is recorded in favor of persons distinct from the mortgagor, and it is impossible to determine whether the house included in the sale is the one referred to in the third record of the property which is recorded in favor of distinct persons. In lieu thereof a cautionary notice is extended for the legal period, etc."

■ On January 7, 1926, two women showing a permission of owner recorded the construction of a house on the land in question. Unquestionably with the condition duly recorded that future edifices should be subject to the mortgage the claimants were not third persons, their alleged house was subject to the mortgage, and possibly to the execution sale as it actually took place. If the registrar is referring to exactly the same house that was sold in the mortgage foreclosure, then the appellant is probably right and the sale of the house in execution should then also have been recorded. We can not agree then with the registrar that the contract of the debtor duly recorded, whereby he bound the land for future constructions, was limited to constructions by the original debtor. Here the construction was apparently made with the consent of the debtor himself.

■ The difficulty we have is one of identification. The note says in effect that it does not appear that the house sold is the same as that now recorded in favor of the two women. While the mortgage included any house to be constructed, it does not appear that the house the marshal actu-

ally sold is the same that was built by these two strangers to the mortgage.

A certificate from the marshal duly made before a notary that there was only one house on the land would probably clarify the situation, but this suggestion as to the mode is not binding on the appellant nor on the registrar.

The note must be affirmed.